**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN STRATEGIC** | : | |
| **INSURANCE CORP.** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-18** |
| | : | |
| **KEVIN BURKHARDT** | : | |

---

**McHUGH, J.**                                                      **April 19, 2022**

### MEMORANDUM

Plaintiff, American Strategic Insurance Corp., brings this action against Defendant, Kevin Burkhardt, seeking a declaratory judgment that it has no duty to provide a continued defense or indemnification to the Defendant in connection with an underlying lawsuit against the Defendant. Having obtained an entry of default, Plaintiff now moves without opposition for judgment and for the declaratory relief requested in its Complaint.  For the reasons that follow, Plaintiff's Motion will be granted.

I.    **Factual and Procedural Background**

Plaintiff American Strategic Insurance Corp. (ASI) issued a policy of homeowners insurance to Defendant's parents and/or step-parents that was in effect during the period relevant to this action.  Compl.  ¶ 13, ECF 1.  Defendant Kevin Burkhardt was a resident relative of one or both of the named insureds and thus qualified as an insured for purposes of the personal liability coverage afforded by the policy.  *Id.*  ¶ 14.

ASI is currently providing a defense, pursuant to a reservation of rights, to Mr. Burkhardt in an underlying lawsuit that arose out of an incident at a 7-Eleven store on February 24, 2018.  *Id.* ¶ 15.  The plaintiffs in the underlying action, captioned *Darren Cadigan and James T. Hanible v. Kevin Burkhardt, 7-Eleven #1405, d.b.a. 7-Eleven, a.k.a. Anju Patel Corp. and 7-Eleven*, C.P.

Montgomery County, No. 2020-03236, are two customers who were in a 7-Eleven when Mr. Burkhardt allegedly entered the store and, unprovoked, "instigated an altercation" with them.  State Compl. ¶ 7, ECF 1-1, Ex. A.  The underlying complaint in *Cadigan v. Burkhardt* alleges that Mr. Burkhardt approached the two plaintiffs at the check-out counter, "claimed to have a gun," "threatened to kill the plaintiffs," and "punched Plaintiff, James T. Hanible in the eye, and punched Plaintiff, Darren Cadigan in the face."  *Id*.  The customers allege that Mr. Burkhardt acted in a "grossly negligent, reckless, careless, wanton, and willful" manner in "striking both plaintiffs in the face with his fists."  *Id*.  Plaintiffs in the underlying action claim to have suffered injury to their faces, as well as physical and emotional pain and suffering.  *Id*.  ¶¶ 10-11.

ASI is currently defending Mr. Burkhardt in the underlying action under a reservation of rights but seeks a declaration that it has no duty to defend and thus, no duty to indemnify the Defendant in connection with any settlement, verdict, or judgment in the underlying suit.  Compl. ¶ 19, ECF 1.  To date, Defendant has failed to enter an appearance or answer or otherwise plead or defend this action.  The Clerk of Court entered a default against the Defendant.  Plaintiff now seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in favor of Plaintiff and against Kevin Burkhardt.   ECF 5.

## II.    Default Judgment Standard

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Following the entry of default, the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment.  Fed. R. Civ. P. 55(b).

Following the prerequisite entry of default, the decision to enter a default judgment is left to the court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising its discretion, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, consideration of the *Chamberlain* factors weighs in favor of granting a default judgment. The first factor, prejudice to the moving party if default judgment is denied, favors granting default judgment. ASI continues to incur unrecoverable defense expenses on behalf of Mr. Burkhardt in the underlying action, which prejudices it. Second, it is unknown whether Mr. Burkhardt has any litigable defenses, because he has not asserted any defense, either by answering the allegations of the complaint or by opposing the present motion for default judgment. For the third factor, Defendant has neither responded to this action nor offered any reason for his failure to appear. Service appears to be proper, as a process server served the summons at Defendant's address to Defendant's mother, ECF 5, Ex. 2, and counsel has averred proper service of this motion as well. ECF 5-6.

**III.   ASI has no duty to defend or indemnify the defendant in the underlying action.**

In considering a Motion for Default Judgment, the court should accept as true any factual allegations of the Complaint, except those related to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). In addition, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983).

In this case, ASI seeks a declaration that it has no duty to defend or indemnify the Defendant under the policy's personal liability coverage. Under Pennsylvania law, the interpretation of an insurance policy is generally a question of law for the court. *401 Fourth St., Inc. v. Invs. Ins. Grp.*, 879 A.2d 166, 170 (Pa. 2005). The duty to defend arises where the factual allegations of the underlying complaint, taken as true, come potentially within the scope of coverage of a policy. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010). In determining whether a duty to defend exists, the Court compares the four corners of the underlying complaint to the policy language. *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 291 (Pa. 2007). "[T]he duty to defend is not limited to meritorious actions; it even extends to actions that are 'groundless, false, or fraudulent' as long as there exists the possibility that the allegations implicate coverage." *Am. & Foreign Ins. Co.,* 2 A.3d at 541 (internal citation omitted). "Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend." *Sikirica v. Nationwide Ins. Co*., 416 F.3d 214, 225 (3d Cir. 2005).

Here, a comparison of the four corners of the underlying complaint to the policy language indicates that the allegedly unprovoked assault and battery falls outside of the scope of the policy. The policy here provides for coverage if a "lawsuit is brought against an 'insured' for damages because of 'bodily injury' . . . caused by an 'occurrence.'" Policy Sec. II, Coverage E, ECF 1-2 at 23. "Occurrence" is defined as "an accident, including exposure to harmful conditions, which results during the policy period in 'bodily injury'; or 'property damage.'" Policy, Definitions, ECF 1-2 at 33. The underlying complaint alleges that Defendant committed the intentional torts of assault and battery when he hit plaintiffs and threatened to kill them. An unprovoked assault and battery cannot be considered an "accident" for coverage purposes. *See Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 n. 1 (Pa. 1988) (noting that "the 'occurrence' must be an

4

accident, which a malicious, willful assault and beating could never be."); *Am. Nat. Prop. & Cas. Companies v. Hearn*, 93 A.3d 880, 886 (Pa. Super. Ct. 2014) (intentional assault and battery "can hardly be described as an 'accident'").

The fact that underlying complaint also contains allegations of "gross negligence, recklessness and carelessness" does not inexorably create coverage, because it is the underlying facts that matter. The facts alleged in the underlying complaint represent intentional assault and battery; stray allegations of negligence cannot transform intentional conduct into mere carelessness. *Id.* at 885-86 (although the complaint included counts sounding in negligence, the question of coverage is decided by the factual allegations and "it is clear from the undisputed facts that [the] assault . . .  was intentional."); *Mut. Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999) (holding that a court should look to the factual allegations in complaint, not the particular causes of action pleaded, to determine whether coverage is triggered).

Moreover, the policy contains a coverage exclusion titled "Expected Or Intended Injury", which states that the personal liability coverage does not apply to "expected or intended injury" which is defined as:

> bodily injury . . .  which is expected or intended by an 'insured' even if the resulting 'bodily injury'. . . is of a different kind, quality or degree than initially expected or intended.  However, this exclusion does not apply to 'bodily injury' resulting from the use of reasonable force by an 'insured' to protect persons or property.

Policy, Exclusions Applying to Coverages E and F, ECF 1-2 at 25.  The conduct alleged in the underlying action plainly falls within this exclusion, barring coverage.  The complaint alleges that Mr. Burkhardt, without any provocation, threatened to kill plaintiffs, informed plaintiffs that he had a gun, and hit the plaintiffs.  He necessarily expected to injure them, and, under the terms of

the policy, it does not matter if their injuries may have been different than Defendant expected.

Finally, there are no allegations that Mr. Burkhardt was acting to protect persons or property.[1]

## IV.    Conclusion

Plaintiff's motion for default judgment will granted, and a declaration entered that ASI has

no duty to defend or indemnify Mr. Burkhardt with respect to any settlement, verdict, or judgment

in the underlying suit.  An appropriate order follows.


/s/ Gerald Austin McHugh
United States District Judge

---

[1] Plaintiff ASI also notes that there is a second exclusion that excludes coverage for bodily injury "arising out of . . . physical. . . abuse" which may bar coverage.  Policy, Exclusions Applying to Coverages E and F, ECF 1-2 at 25.  Because I conclude  that the lawsuit does not arise out of an occurrence as defined in the policy and also falls within the expected or intended injury exclusion, I need not reach whether it may also fall within the physical abuse exclusion.